INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, LOCAL 752, Plaintiff,

v.

WALD MANUFACTURING COMPANY, Inc., Defendant.

No. 1243.

United States District Court
E. D. Kentucky,
Covington Division.

Nov. 29, 1966.

O'Hara & Ruberg, Covington, Ky., Taft, Lavercombe & Fox, Cincinnati, Ohio, for plaintiff.

Taft, Stettinius & Hollister, by J. Mack Swigert, Cincinnati, Ohio, for defendant.

## MEMORANDUM

SWINFORD, Chief Judge.

This action is brought pursuant to Title III, Section 301 of the Labor Management Relations Act of 1947, as amended  The plaintiff, as a representative of all of the employees of the defendant, seeks a permanent injunction against the defendant for alleged violations of the Collective Bargaining Agreement in effect between the parties since February 25, 1966. It is claimed by the plaintiff that the defendant has not complied with Article IX, Section 3 of the Agreement. This section of the Agreement provides that "the Company will also furnish all tools, uniforms, boots, gloves, aprons and other equipment required on various jobs."

The defendant takes the position that this is a grievance and that the question cannot be raised by litigation until it has first been submitted to arbitration as required by Article XII of the Collective Bargaining Agreement. The Collective Bargaining Agreement defines a grievance as a dispute between the company and an employee or employees concerning the interpretation or application of a provision of the Agreement arising out of an alleged violation of a right of an employee or employees.

The defendant moves the court to dismiss the complaint or in the alternative to stay proceedings pending arbitration. The motion to dismiss should be sustained. The Agreement by implication excludes the court as a forum for the settlement of the claim. It expressly provides the steps by which a grievance must be first submitted to arbitration. It is not the business of the court to weigh the merits of the grievance or consider whether there is equity in a particular claim or make any determination or construction of or on particular language in the written instrument. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403. In Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S. Ct. 912, 1 L.Ed.2d 972, the Supreme Court stated that Section 301 of the Labor Management Relations Act of 1947 "expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way." In determining whether or not the Agreement covers the particular question or questions raised as being subject to arbitration, all doubt should be resolved in favor of coverage. See also John Wiley

**826**

& Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898.

 The plaintiff's argument that it as an entity is not bound by the provisions of the Agreement requiring arbitration and that to so hold is to limit its ability to represent its members is not tenable. The contract was signed by the union as the negotiator for the employees and consequently both the union, as the employees' representative, and the employees must be bound by it. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580.

 The plaintiff and defendant to this lawsuit entered into a valid contract in which they agreed, among other things, to submit to arbitration any dispute which might arise affecting the application of the terms of the contract to either of the contracting parties. The court is unable to see how anyone would be injured by submitting this dispute to arbitration before bringing it into court with a prayer for injunctive relief. The issuance of an injunction is a radical thing and calls upon the court to invoke sacred equity powers pending a determination of controversies between litigants. This power should not be exercised where there is a reasonable legal method to which the litigants may resort for a determination of their rights. Arbitration to which the parties have agreed by solemn written contract is a legal remedy. It can, of course, be accepted only by contract. In John Wiley & Sons v. Livingston, supra, the court said that a collective bargaining agreement is not an ordinary contract but a generalized code to govern a myriad of cases which the contracting parties at the time of the execution of the instrument cannot wholly anticipate.

 The court also finds that the injunction sought is barred by the Norris-LaGuardia Act, 29 U.S.C. § 101. This is a labor dispute as defined in Section 13 of the Act, 29 U.S.C. § 113(c).

In view of the fact that the court holds that this matter should first be submitted to arbitration, no good reason is shown why it should be retained on the docket. An order sustaining the motion to dismiss the complaint is this day entered.